UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID R. BROWN,<br>　　　　Plaintiff<br><br>　　v.<br><br>ABBOTT LABORATORIES *a Delaware corporation*,<br>　　　　Defendant | No. 25 CV 2792<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendant's motion to dismiss [14] is granted. Civil case terminated.

## STATEMENT

This matter is before the Court on the defendant's, Abbott Laboratories,[1] motion to dismiss. (R. 14.)[2] On March 17, 2025, the plaintiff, David Brown, filed this product liability action. (R. 1.) He alleges that he suffered injuries caused by the defendant's product, the Proclaim Neurostimulation System, which is an implantable device that stimulates the spinal cord to relieve chronic back pain. (*Id.* ¶¶ 1, 5, 8.) He was first introduced to the device in Nashville, Tennessee, by one of the defendant's sales representatives, who the plaintiff alleges made material misrepresentations concerning the device. (*Id.* ¶¶ 72–76.) The plaintiff had the device implanted on January 17, 2023; shortly thereafter, he began experiencing "complications, including ringing of[] the ears, sounds in his brain[,] and nerve damage. He turned off the device to avoid further complications, and it has never worked since." (*Id.* ¶¶ 77, 79.) The device "has not been turned on for approximately two years." (*Id.* ¶ 78.) The plaintiff now brings several product liability claims, alleging manufacturing defect, breach of implied warranties, failure to warn, and negligence. (*Id.* ¶¶ 165–205) The defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the plaintiff's claims are preempted by federal law, based on conclusory factual allegations, and barred by the statute of limitations. (*See* R. 14.)

---

[1] According to the defendant, the entity that designed the device at issue is Advanced Neuromodulation Systems, Inc., which is wholly owned by St. Jude Medical, LLC. (R. 14 at 1 n.1.) The defendant is the sole member of that LLC. (*Id.*)

[2] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

Dismissal under Rule 12(b)(6) is proper where the complaint fails to state a claim upon which relief can be granted. The complaint must state a claim that is facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The allegations in the complaint are accepted as true for purposes of this motion and read in a light most favorable to the plaintiff, but the Court is not required to accept conclusory allegations or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though a complaint need not plead around an affirmative defense, a litigant may "plead itself out of court by alleging (and thus admitting) the ingredients of a defense." *U.S. Gypsum Co. v. Ind. Gas. Co.*, 350 F.3d 623, 626 (7th Cir. 2003).

"Federal courts hearing state law claims under diversity or supplemental jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law. . . ."[3] *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). Though the complaint does not clearly say what state's tort law it invokes, the plaintiff argues that his claims are "valid under both Tennessee and Illinois law" because "key aspects of the injury-causing conduct occurred in Illinois, including testing, manufacturing, marketing, and following or failing to follow federal requirements." (R. 22 at 7.) The defendant argues that Tennessee law controls because the plaintiff "is a Tennessee resident implanted with his medical device in Tennessee," and because "there is no connection to Illinois aside from [the defendant] being an Illinois corporation." (R. 14 at 10.)

Illinois uses the choice-of-law analysis in the Second Restatement of Conflict of Law. *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 898 (Ill. 2007). "The cornerstone of the Second Restatement is the most significant relationship test, the objective of which is to apply the law of the state that, with regard to the particular issue, has the most significant relationship with the parties and the dispute." *Burlington N. & Santa Fe Ry. Co. v. ABC-NACO*, 906 N.E.2d 83, 91 (Ill. App. Ct. 2009) (citation modified). "This means that 'the law of the place of injury controls unless Illinois has a more significant relationship with the occurrence and with the parties," considering "(1) the place of the injury, (2) the place where the injury-causing conduct occurred, (3) the domicile of the parties, and (4) the place where the relationship between the parties is centered." *Walls v. VRE Chi. Eleven, LLC*, 344 F. Supp. 3d 932, 947–48 (N.D. Ill. 2018) (quoting *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 503–04 (7th Cir. 1998)); *see also Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 865 (7th Cir. 2010) ("That test points presumptively to the law of the jurisdiction in which the tort occurred . . . .").

The place of the injury is Tennessee, so Tennessee law presumptively applies. The injury-causing conduct also occurred in Tennessee. That is where the defendant's sales representative introduced the plaintiff to the device and allegedly made

---

[3] The plaintiff is a citizen of Tennessee, the defendant is a Delaware corporation located in Illinois, and there is no dispute that the amount in controversy exceeds $75,000. The Court therefore finds that jurisdiction is proper under 28 U.S.C. § 1332(a)(1).

misrepresentations to the plaintiff, and it is where the device was implanted. (R. 1 ¶¶ 72–77.) Though the plaintiff argues that much of the product's development took place in Illinois, (*see* R. 22 at 7), he does so without any citation to allegations in the complaint, and the Court can locate no supporting allegations. The parties are domiciled in Illinois and Tennessee, and the relationship between the parties is centered in Tennessee where all interactions occurred. Even absent the presumption that Tennessee law applies, Tennessee clearly has the most significant relationship with the parties and the dispute. The law of Tennessee governs the plaintiff's claims.

Moving to the plaintiff's claims, the Court finds the statute of limitations issue dispositive. Under Tennessee state law, a product liability action "shall be commenced within one (1) year after the cause of action accrued." Tenn. Code Ann. § 28-3-104(a)(1)(A); *accord* § 29-28-103(a) (citing § 28-3-104 for the applicable limitations period in product liability actions). "[T]he cause of action accrues and the statute of limitations begins to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered." *Potts v. Celotex Corp.*, 796 S.W.2d 678, 680 (Tenn. 1990). "Once a plaintiff gains information sufficient to alert a reasonable person of the need to investigate the injury, the limitation period begins to run." *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 459 (Tenn. 2012) (citation modified).

According to the complaint, the plaintiff had the device implanted on January 17, 2023. (R. 1 ¶ 77.) The device "never worked properly." (*Id.* ¶ 78.) The plaintiff experienced complications and injuries, and he turned off the device to keep them from persisting. (*Id.* ¶ 79.) As of the date the plaintiff filed his complaint, the device "has not been turned on for approximately two years." (*Id.* ¶ 78.) Based on the plaintiff's own allegations, he knew of his injuries—and identified the defendant's device as the source of his injuries—approximately two years before filing this action. This places the filing date outside Tennessee's limitation period. The complaint states that the "[p]laintiff did not become aware of his potential legal claim until recently, when he contacted the [plaintiff's] counsel to explore a potential lawsuit . . . [and] therefore relies on the discovery rule" (*id.* ¶ 78), but this is not how the discovery rule works. "The discovery rule is not intended to permit a plaintiff to delay filing suit until the discovery of all the facts that affect the merits of his or her claim." *Redwing*, 363 S.W.3d at 459; *see also Orso v. Bayer Corp.*, No. 04 C 0114, 2009 WL 249235, at *6 (N.D. Ill. Feb. 2, 2009) ("[T]he discovery rule cannot mean that a plaintiff is not on inquiry notice until she has established to a degree of certainty that she has a viable [] cause of action.").

3

Because the Court concludes that the plaintiff's claims are time-barred,[4] any future amendment would be futile, and the complaint is dismissed with prejudice. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1007–08 (7th Cir. 2011).

Date: July 30, 2025

JEREMY C. DANIEL
United States District Judge

---

[4] For this same reason, the Court does not address the defendant's other arguments for dismissal.